1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LAMONT SHEPARD,<br><br>                    Petitioner,<br><br>          v.<br><br>MIKE D. BITER, Warden,<br><br>                    Respondent. | Case No. CV 15-4320 DSF (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

\* \* \*

This is a state habeas action.  In 2011, Petitioner was convicted of murder involving a 1995 drive-by shooting.  The trial court sentenced Petitioner to a term of 29 years to life to be served consecutive to Petitioner's sentence in another homicide case.

1   Petitioner unsuccessfully sought habeas relief for his conviction in this

2   Court.  <u>Shepard v. Gipson</u>, CV 12-2803 DSF (MRW) (C.D. Cal.).[1]  Among the

3   claims Petitioner asserted on habeas review was that he was "actually innocent" of

4   the killing.  The Court denied this claim, noting that the evidence against Petitioner

5   at trial included his recorded confession to the killing.  (Docket # 53 at 8.)  The

6   Ninth Circuit Court of Appeals subsequently denied Petitioner's request for a

7   certificate of appealability of that decision.

8       Petitioner commenced the present habeas action in this Court.  He again

9   alleges that he is "actually innocent" of the murder charge.  Petitioner contends

10  that he recently discovered evidence that he was incarcerated on the date of the

11  killing.  Tied to this, he also reasserts an argument that his conviction was

12  defective because the correct date of the shooting was different than the date

13  alleged in the initial charging document.[2]  The current petition was not

14  accompanied by a certificate from the Court of Appeals authorizing a successive

15  habeas action pursuant to 28 U.S.C. § 2244(b).

16              * * *

17      If it "appears from the application that the applicant or person detained is not

18  entitled" to habeas relief, a court may dismiss a habeas action without ordering

19  service on the responding party.  28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules

20  Governing Section 2254 Cases in United States District Courts (petition may be

21  summarily dismissed if petitioner plainly not entitled to relief); Local Civil

22  Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal

23

24  [1]    The Court separately dismissed Petitioner's untimely habeas petition
25  regarding his other murder conviction.  <u>Shepard v. Gipson</u>, CV 12-3026 DSF (MRW) (C.D. Cal.).

26  [2]    As the Court noted in Petitioner's original habeas action, the
27  prosecutor verbally amended the criminal complaint at Petitioner's preliminary hearing to state the correct date of the crime.  (Docket # 53 at 17.)  Petitioner's current argument remains premised on the unamended written charge.

28

1  to district judge "if it plainly appears from the face of the petition [ ] that the
2  petitioner is not entitled to relief").

3      Under federal law, a state prisoner is generally required to present all
4  constitutional challenges to a state conviction in a single federal action.  A habeas
5  petition is second or successive – and subject to dismissal under 28 U.S.C.
6  § 2244(b) – when the petition "raises claims that were or could have been
7  adjudicated on the merits" in the first action.  McNabb v. Yates, 576 F.3d 1028,
8  1029 (9th Cir. 2009).  A prisoner must obtain authorization from the Court of
9  Appeals to pursue such a successive habeas petition before the new petition may be
10  filed in district court.  28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147
11  (2007) (dismissing successive petition for failure to obtain authorization from court
12  of appeals).

13      The current petition challenges a conviction for which Petitioner previously
14  sought federal habeas relief.  His claim of actual innocence and his challenge to the
15  date stated in the criminal complaint have already been adjudicated.  Petitioner
16  failed to obtain permission from the federal appellate court to bring the present
17  habeas action.  On this basis, the current petition is subject to summary dismissal.
18  See 28 U.S.C. § 2244(b); Burton, 549 U.S. 147; McNabb, 576 F.3d at 1029.

19      Moreover, Petitioner's "new evidence" claim is insufficient to excuse his
20  successive filing.  A "credible showing of actual innocence may allow a prisoner to
21  pursue his constitutional claims on the merits notwithstanding" the forfeiture of
22  those claims under state law or based on AEDPA's time limits.  McQuiggin v.
23  Perkins, ___ U.S. ___, 133 S. Ct. 1924, 1933-34 (2013).  However, a prisoner still
24  has the considerable preliminary burden of demonstrating that, "in light of new
25  evidence, it is more likely than not that no reasonable juror would have found
26  petitioner guilty beyond a reasonable doubt."  House v. Bell, 547 U.S. 518, 537
27  (2006); Schlup v. Delo, 513 U.S. 298, 327 (1995).

28

1    Petitioner's bare assertion that he is "actually [and] factually innocent" is not

2    supported by the jumbled, unauthenticated records attached to his petition.  Those

3    materials do not demonstrate that he was incarcerated on the date of the killing.

4    Nothing in the petition constitutes the type of "new evidence" sufficient to carry

5    Petitioner's high burden.  House, 547 U.S. at 537.

6                                                    * * *

7    The current action is successive and untimely.  The record establishes that

8    Petitioner did not have permission from the appellate court to file this action after

9    his previous federal habeas claim was rejected.  The petition is subject to summary

10   dismissal without service on the California Attorney General.  The action is

11   therefore DISMISSED.

12   IT IS SO ORDERED.

13                                          Dale S. Fischer

14   Dated: _____        _____
                7/16/15

15                                          HON. DALE S. FISCHER
                                           UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28